IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Respondent, | ) ) ) | Case No. CV-09-193-E-BLW<br>CR-08-03-E-BLW |
| v. | ) ) | **MEMORANDUM DECISION** |
| MANUEL DE JESUS GIRON-SANCHEZ, | ) ) ) | **AND ORDER** |
| Defendant-Movant. | ) ) | |

Pending before the Court is Manuel De Jesus Giron-Sanchez's ("Giron-Sanchez") Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-09-193-E-BLW).[1] The Court has reviewed the Motion, the Government's Response (Docket No. 5 in civil case), the record of the underlying criminal case, and applicable case law.[2] Having done so, the Court enters the following Order dismissing the § 2255

---

[1] Unless otherwise noted, all further docket numbers will refer to the underlying criminal case, CR-08-03-E-BLW.

[2] Giron-Sanchez did not file a Reply.

**Memorandum Decision and Order - 1**

Motion.

## REVIEW OF 28 U.S.C. § 2255 MOTION

### A. Background and Summary of Issues

Giron-Sanchez, a native and citizen of Guatemala, was charged with and pled guilty to one count of illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He had been found in the United States on or about December 25, 2007 after having been previously removed on or about November 12, 1996. *See Indictment* (Docket No. 1) and *Plea Agreement* (Docket No. 16). Giron-Sanchez entered his plea of guilty before this Court. *See Min. Entry* (Docket No. 19).

A Presentence Report was prepared which indicated that Giron-Sanchez's prior state conviction for aggravated indecent solicitation of a child warranted a 16-level enhancement. Reflecting a 3-level reduction for acceptance of responsibility, the Presentence Report indicated that the total offense level was 21 which, with a criminal history category of II, yielded a guideline range of 41-51 months. After overruling Giron-Sanchez's objection to the 16-level enhancement and granting the Government's motion for a 2-level § 5K3.1 departure for stipulation to deportation, the Court found the guideline range to be 33-41 months. The Court thereafter considered the § 3553(a) sentencing factors and imposed a sentence of 24 months to be followed by three years of supervised release. Giron-Sanchez did not appeal

**Memorandum Decision and Order - 2**

his conviction or sentence.

On April 24, 2009, Giron-Sanchez timely filed the pending § 2255 Motion. The Motion itself alleges equal protection violations, double jeopardy violation, and extraordinary family circumstances. As the Government notes in its Response, the supporting memorandum attached to the § 2255 Motion appears to include additional claims but "makes little or no sense and appears to be random snippets from briefs or cases which have been assembled together." *Response* at 2. As the Government also notes, it appears that Giron-Sanchez is claiming in the memorandum that the sentencing guidelines violate the separation of powers, that his sentence was based on misrepresentation, and that he is entitled to a downward departure based on family circumstances and to asylum. *Id*. However, all of Giron-Sanchez's arguments are difficult to follow.

B.   **Standard of Law**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to

**Memorandum Decision and Order - 3**

collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

Section 2255 motions must allege specific facts which, if true, would entitle an individual to relief. *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)). The movant cannot simply allege a claim and "baldly assert" that the claim had an "adverse effect." *Id*. Vague and conclusory allegations that are devoid of any

**Memorandum Decision and Order - 4**

specific supporting facts as well as allegations that are "wholly incredible" when viewed in connection with the record are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *See also United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) ("palpably incredible or patently frivolous" allegations warrant summary dismissal) (internal citations omitted).

The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

C. **Discussion**

Except for his allegations about his family circumstances, Giron-Sanchez's § 2255 Motion is replete with vague and conclusory allegations, some of which are directly rebutted by the record.

1. **Equal Protection and Violation of the Law**

Giron-Sanchez's argument under this claim is that the Sentencing Guidelines violate the constitutionally required separation of powers among the branches of government by interfering with judicial discretion.

The Supreme Court has held that Congress has the power to delegate authority to the Sentencing Commission to promulgate Sentencing Guidelines and that placing the Sentencing Commission within the judicial branch does not violate

**Memorandum Decision and Order - 5**

the separation of powers doctrine. *See Mistretta v. United States*, 488 U.S. 361, 371; 389-91 (1989)) (recognizing that judges and courts have the "uncontested responsibility" to pass sentence in criminal cases)". Furthermore, at the time of Giron-Sanchez's sentencing, *Booker* had rendered the Sentencing Guidelines advisory allowing greater judicial discretion than existed under the previously mandatory Guideline scheme. *United States v. Booker*, 543 U.S. 220, 259 (2005).

### 2. *Booker* and Double Jeopardy

Giron-Sanchez appears to be contending that increasing his sentence based on past conduct and imposing a term of supervised release violates *Booker* and *Apprendi* as well as the prohibition against double jeopardy.

Here, the only enhancement applied was the 16-level enhancement based on Giron-Sanchez's prior conviction for a crime of violence. *Booker*, citing *Apprendi*, clearly authorizes an enhancement based on a judicially found fact of a prior conviction. *Booker*, 543 U.S. at 244 ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added). Furthermore, 18 U.S.C. § 3583, the statute which provides for imposition of supervised release, is constitutional under *Booker, Blakely*, and *Apprendi* because

"supervised release is imposed [under § 3583] as part of the sentence authorized by the fact of conviction and requires no judicial fact-finding." *See United States v. Huerta-Pimental*, 445 F.3d 1220, 1222 (9th Cir. 2006).

Giron-Sanchez's contention that imposition of a term of supervised release violates the Double Jeopardy Clause likewise fails. "The Double Jeopardy Clause provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *United States v. Soto-Olivas*, 44 F.3d 788, 789 (9th Cir. 1995) (quoting U.S. Const., Amdt. 5), *cert. denied*, 515 U.S. 1127 (1995) (citing *United States v. Dixon*, 509 U.S. 688 (1993)). "This protection applies both to successive punishments and to successive prosecutions for the same offense." *Id*.

Because revocation of supervised release is part of the sentence for the offense rather than a successive sentence, it does not violate the Double Jeopardy Clause. *See Soto-Olivas*, 44 F.3d at 789-90 (double jeopardy rights not violated by prosecution for illegally reentering the country even though the reentry resulted in revocation of term of supervised release imposed for earlier offense). Stated another way, sanctions imposed upon revocation of supervised release are part of the penalty for the initial offense and not a second penalty for the offense. *See Johnson v. United States*, 529 U.S. 694, 700-01 (2000).

### 3. Family Circumstances and § 5K3.1 Departure

Giron-Sanchez claims that the Court failed to consider the § 3553(a) factors when imposing sentence. More specifically, Giron-Sanchez contends that the Court should have considered the fact that his parents were killed in Guatemala due to a political situation, that the mother of his children was deported to Guatemala in 2006, that his children were living with his brother's family, and that he was (and indeed still is) afraid to return to Guatemala. He cites two pre-*Booker* cases and one post-*Booker* case holding that a court can and should consider extraordinary family circumstances when imposing sentence. *See United States v. Alba*, 933 F.2d 1117 (2d Cir. 1992); *United States v. Johnson*, 964 F.2d 124 (2d Cir. 1992); and *United States v. Lehmann*, 513 F.3d 805 (8th Cir. 2008).

The Presentence Report contained detailed information about Giron-Sanchez's family situation. Further, the record clearly reflects that the Court was aware of and considered those factors regarding Giron-Sanchez's family circumstances, including his fear of returning to Guatemala, and imposed a below guideline sentence based in part on those factors. *See Sent. Tr.* 17-18; 21-23; 24-25.

Included in this claim is Giron-Sanchez's request that the Court grant him a "fast track departure." The record clearly reflects that he was granted a 2-level downward departure pursuant to § 5K3.1 for stipulating to deportation. *Sent. Tr.*

**Memorandum Decision and Order - 8**

18.

### 4. Other Claims

Giron-Sanchez may be alleging non-disclosure of known, relevant material facts; invalid guilty plea based on misrepresentation; or ineffective assistance of counsel. To the extent that he is, his claims are subject to dismissal as vague and conclusory and totally unsupported by any specific facts.

### 5. Asylum

Finally, Giron-Sanchez requests that the Court grant him political asylum. As he no doubt knows from his prior application for asylum in 1991, asylum is not obtained through the court system. Only the Secretary of Homeland Security or the Attorney General may grant asylum. *See* 8 U.S.C. § 1158(b)(1)(A).

## D. Conclusion

Giron-Sanchez's § 2255 Motion fails to allege any facts that, if true, would entitle him to relief. Rather, it contains vague and conclusory allegations contradicted by the record and other allegations which are unsupported by specific facts. Accordingly, it is subject to summary dismissal.

## E. Certificate of Appealability

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255

proceeding unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion or claims within a § 2255 motion on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[3] When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack,* 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Recently amended Rule 11 of the Rules Governing § 2255 Proceedings provides that the district court must issue or deny a certificate of appealability at the time it enters a final order adverse to the movant. Rule 11(a), 28 U.S.C. foll. § 2255. After carefully considering the record and the relevant case law, the Court

---

[3] The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997). Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

**Memorandum Decision and Order - 10**

finds that reasonable jurists would not find the Court's decision on the merits to be debatable or wrong. Accordingly, a certificate of appealability will not issue.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Manuel De Jesus Giron-Sanchez's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-09-193-E-BLW) is DISMISSED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-08-03-E-BLW is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that no certificate of appealability shall issue. Giron-Sanchez is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b).

IT IS FURTHER ORDERED that the Clerk of Court shall forward a copy of this Order to the Ninth Circuit Court of Appeals. If requested by the Ninth Circuit, the Clerk of Court shall forward that portion of the record beginning with the filing of the 28 U.S.C. § 2255 motion. Otherwise, the Ninth Circuit shall obtain the record from the District Court website at www.id.uscourts.gov.



DATED: **February 11, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge